HONERINE MIN. & MILL. CO. et al. v. TALLERDAY STEEL PIPE & TANK CO. et al.

No. 1716. Decided June 9, 1906 (85 Pac. 626).

APPEAL—FINAL JUDGMENT—ORDER QUASHING SUMMONS.— Constitution, article 8, section 9, and Revised Statutes 1898, section 3300, provides that from all final judgment of the district court there shall be a right of appeal to the Supreme Court, and Revised Statutes 1898, section 3183, declares that a judgment is a final determination of the rights of the parties in an action or proceeding. *Held,* that an order quashing the service of the summons, without dismissing the action, was not a final judgment and was not appealable.[1]

APPEAL from District Court Salt Lake County; M. L. Ritchie, Judge.

Action by the Honerine Mining & Milling Company and another against the Tallerday Steel Pipe & Tank Company and another. From an order quashing service of summons, plaintiffs appeal.

---

[1] North Point Irr. Co. v. Utah Canal Co., 46 Pac. 824, 14 Utah, 155; Eastman v. Gurrey, 46 Pac. 828, 14 Utah 169; Watson v. Mayberry, 49 Pac. 479, 15 Utah 265; Laundry Co. v. Dole, 58 Pac. 1109, 20 Utah 469; Popp v. Mining Co., 63 Pac. 185, 22 Utah 460.

DISMISSED.

*Snyder & Snyder* for appellants.

*Stephens & Smith and Dey & Stevens* for respondents.

STRAUP, J.

This is an appeal from an order made by the district court quashing a service of summons. The plaintiff claimed service on the defendant, a foreign corporation, by serving a person claimed to be its agent and claimed to have property in his possession belonging to it. The defendant appeared specially and moved to quash the service, on the ground that the person served was not its officer or agent, and had no property, belonging to it, in his possession, or under his control. Upon the hearing of the motion on affidavits and testimony, the court made an order quashing the service. This was the last proceeding had or action taken in the case in the court below. The case was not dismissed, but is still there pending.

At the outset, the defendant urges that the order is not a final judgment, within the meaning of the statute or the Constitution, and is therefore not appealable. The point is well taken. The Constitution (section 9, art. 8) and the statute (section 3300, Revised Statutes 1898) provide: "From all final judgments of the district court there shall be a right of appeal to the Supreme Court." Section 3183, Revised Statutes 1898, provides: "A judgment is a final determination of the rights of the parties in an action or proceeding." This order is not a final judgment. The Nebraska statute is broader than the Utah statute, for the former confers jurisdiction upon the Supreme Court to review, by proceeding in error, all judgments rendered or final orders made by the district court. It defines a final order to be "an order affecting a substantial right in action, when such order, in effect, determines an action and prevents a judgment," etc. Thereunder it was held by the Nebraska courts that an order quashing a service of summons was not such a

final order as could be reviewed by the Supreme Court on error until a final judgment was rendered. (*Persinger v. Tinkel,* 34 Neb. 5, 51 N. W. 299; *Standard Distilling Co. v. Freyhan,* 34 Neb. 434, 51 N. W. 976; *Lewis v. Barker,* 46 Neb. 662, 65 N. W. 778.) Under a statute like the Nebraska statute the Supreme Court of Washington held such an order appealable, but based its decision expressly upon the ground that the lower court quashed the service of summons because it "was of the opinion that upon the merits of the action the plaintiff could not prevail," and stated that it was extremely doubtful if an appeal would lie from an order quashing the service, where the action of the court was based upon some imperfection in the summons, a departure from the form prescribed, or for insufficiency of service and the like. (*Embree v. McLennan,* 18 Wash. 651, 52 Pac. 241.)

It will be observed that the statutes give the right of an appeal not only from a judgment rendered, but also from a final order, while the Utah statutes gives the right of an appeal only from a final judgment. From what has been said by this court in prior cases, where the question as to what is a final judgment within the meaning of the statute was considered, this order cannot be regarded as a final judgment. (*North Point Irr. Co. v. Utah Canal Co.,* 14 Utah 155, 46 Pac. 824; *Eastman v. Gurrey,* 14 Utah 169, 46 Pac. 828; *Watson v. Mayberry,* 15 Utah 265, 49 Pac. 479; *Laundry Co. v. Dole,* 20 Utah 469, 58 Pac. 1109; *Popp v. Min. Co.,* 22 Utah 460, 63 Pac. 185.) In this connection plaintiff urges that to constitute a final judgment it is not necessary that there be a final determination on the merits, if the case is otherwise put out of court, and that the order had such effect. It is true that to constitute a final judgment it is not essential that there be a final determination of the rights of the parties with reference to the subject-matter of the litigation, but merely with reference to the particular suit. It is the termination of the particular action which marks the finality of the judgment. A decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is, nevertheless, a final judgment. (1 Black on Judg-

ments, section 21; *Mutual Reserve, etc., Ass'n v. Smith,* 169
Ill. 264, 48 N. E. 208, 61 Am. St. Rep. 172; *Thomas v.
Clark County Nat. Bk.,* 103 Ky. 335, 45 S. W. 73; *Bolton v.
Donavan,* 9 N. D. 575, 84 N. W. 357; 6 Pl. & Pr., 997;
*Watson v. Mayberry,* supra.) All that plaintiff claims with
respect to what constitutes a final judgment may be and is
conceded, but it does not necessarily follow that the order
had the effect to terminate the particular action and put the
case out of court, when the case has not been dismissed but
is still pending in the lower court, and where the plaintiff
was, and even now is, entitled to an alias summons. It can-
not be said that the case was terminated in the district court
when it is still pending there. The plaintiff will not be per-
mitted to place itself in a position where with one arm it may
invoke the jurisdiction of this court, while it may with
another invoke the jurisdiction of the lower court pertaining
to the same subject-matter. While plaintiff is here seeking
to have determined that it has the defendant in court upon
the process served, it may, at the same time, also apply for
and obtain an alias summons from the district court with
which it may serve the defendant and bring it in. But the
plaintiff here asserts that an alias summons is of no avail be-
cause plaintiff cannot make a better or different service than
was made, and that if it has not the defendant in court upon
such service it is unable otherwise to bring in the defendant.
That may or may not be true. If such were the situation,
plaintiff well could have indicated such fact to the trial court,
together with a desire to stand upon the record as made and
a refusal to further proceed in the action whereupon, no
doubt, the court would have entered an order dismissing the
action. In other words, the mere granting of the motion to
quash the service of summons did not authorize the court to
end the suit and dismiss the action, but, by plaintiff's indi-
cating a desire to stand upon the record and a refusal to
further proceed, the court would then be authorized to do so.
Such a proceeding would not, as is claimed by plaintiff,
amount to a voluntary dismissal on its part and bar its right
to appeal from the judgment and have reviewed the ruling

made quashing the service. The dismissal, as to it, would be submitted to, if at all, because of the adverse ruling, and therefore would be involuntary. (6 Pl. & Pr., 828.) Such a judgment of dismissal would be final and appealable. (6 Pl. & Pr., 998.) What we have here said as to plaintiff's procedure is not to be construed as a holding that such is the proper or the exclusive remedy. All that we are called upon to decide, and do decide, is that the order before us is not a final judgment and is not appealable.

The defendant's motion to dismiss the appeal is granted, with costs.

McCARTY, J., concurs. BARTCH, C. J., concurs in the result.