632 P.2d 738

Alfredo **MARQUEZ, Jesus Marquez, Reynaldo Marquez, William Frank Marquez, Dora Lovato, Rose Garcia, Annie Gonzales, Mary Pruitt and Steven Marquez, Plaintiffs-Appellants,**

v.

**JUAN TAFOYA LAND CORPORATION, Ruth M. Armijo, Fidelia B. Griego, Severo Martinez, William Gonzales and Andrew Romero, Defendants-Appellees.**

No. 13387.

Supreme Court of New Mexico.

Aug. 17, 1981.

Peter C. Chestnut, Albuquerque, for plaintiffs-appellants.

Robert H. McBride, Albuquerque, for defendants-appellees.

## OPINION

FEDERICI, Justice.

In 1973, an action was filed on behalf of the heirs of the Juan Tafoya Land Grant against the Trustees of the Grant. This action was consolidated with another pending action and the trial court appointed a Special Master to hear the consolidated cases. The Special Master's report was adopted in the judgment of the trial court by order dated September 11, 1975. One of the Special Master's recommendations was that the members of the Grant incorporate. This was subsequently accomplished. The trial court retained jurisdiction over the matter "pending final disposition of this matter and that all actions, including contracts entered into by the Board of Trustees be presented to this Court for approval."

In May of 1978, the court ordered the community lands to be transferred to the newly-formed Juan Tafoya Corporation. Appellants, who are some of the heirs,

moved to intervene, as they felt that the corporation was not properly dividing the heirs' interests according to the Special Master's recommendations. The motion to intervene was denied without prejudice, whereupon appellants filed a complaint in the District Court of Bernalillo County for a declaratory judgment as to their interest in the corporation. The Bernalillo County court transferred the cause to the Valencia County court, which granted summary judgment for the corporation, and appellants appeal. We affirm.

In his report, the Special Master found that only forty-six individuals, without formal hearing or court approval, had conducted the affairs of the tract, and that there was no logical basis for this. He further found and listed a group of "trunk heirs" (Exhibit B attached to his report) in the tract. Most of these "trunk heirs" were deceased. He deemed it necessary to list all living heirs in a separate exhibit (Exhibit C attached to his report). He then recommended that certain steps be taken to ensure participation by all living heirs in the affairs of the tract. He also recommended "[t]hat one share be granted to each of the individuals shown on Exhibit "C" and that said shares should be a property right and subject to the New Mexico laws of descent and distribution."

The subsequently-formed corporation divided "shares" by giving "trunk heirs," if living, one share in the corporation. Children of "trunk heirs" received one share in the corporation if both of their parents were from the community of Marquez. If only one parent was from Marquez, the child received a half share. If the child of a "trunk heir" was deceased, the child's children divided their parent's share equally among the number of children in the family.

The issues on appeal are:

I.   Whether the District Court of Bernalillo erred in transferring the cause to Valencia County;

II.   Whether summary judgment was properly granted against appellants.

## I.

Appellants claim that by dismissing their motion to intervene without prejudice, the Valencia County court waived exclusive venue over their claims; that since this is a transitory action to recover shares of stock, it can be brought where the corporation had its registered office, Bernalillo County, § 38–3–1(A), N.M.S.A. 1978; and that four of the six defendants who are members of the Board of Directors reside in Bernalillo County. Thus, appellants claim that both venue and jurisdiction are appropriate in Bernalillo County and it was error to transfer the matter.

Appellees, on the other hand, contend that this is not a transitory action, but concerns an interest in lands under Section 38–3–1(D)(1). They further claim that appellants should have appealed the denial of the motion to intervene, and since they did not, they are precluded from arguing that the Valencia County court waived venue, that the Bernalillo County court had inherent power to transfer the cause, and that this power was properly exercised by the Bernalillo County court.

Appellants do not contest the right of the Valencia County district court to retain venue "pending final disposition of this matter." Rather, they state that the Valencia County district court waived venue when it dismissed their complaint in intervention without prejudice. We disagree.

■ Waiver is the intentional relinquishment of a known right. *Ed Black's Chevrolet Center, Inc. v. Melichar*, 81 N.M. 602, 471 P.2d 172 (1970). Even if waiver can be applied to the present situation, we do not see any intentional relinquishment here, because a dismissal without prejudice contemplates the right to further proceedings. *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977). The trial court could not have intended to relinquish its rights if it contemplated further proceedings. The Valencia County district court did not waive venue in this matter.

■ Since venue was properly in the Valencia County district court, and that was the court which heard this case on the merits, we need not consider the disposition of appellant's claims in the Bernalillo County court.

## II.

■ Appellants contend that if summary judgment should have been granted at all, it should have been in their favor, because the Special Master's report unambiguously required distribution of "one share" to each of them, rather than the portion of a share they received under the corporation's method of allocation according to descent and distribution. Appellants further contend that summary judgment was not proper since there remained in the cause genuine issues of material fact concerning proper implementation of the prior decree.

The sole controverted question requiring consideration is whether the directors of the corporation have properly interpreted the prior decree concerning distribution of shares in the Juan Tafoya Land Tract. Here, the prior decree listed the "trunk heirs" in the land tract, then listed the "heirs." Finally, it required a division of the tract among the heirs "subject to the New Mexico laws of descent and distribution."

Appellants make much of the language in the Special Master's findings which requires "one share be granted to each [heir]." However, in construing a judgment, it must be read in its entirety and construed as a whole. *See Mundy & Mundy, Inc. v. Adams*, 93 N.M. 534, 602 P.2d 1021 (1979).

Ownership of a share in a corporation is ownership in a definite, measurable portion of the corporation. However, at the time the decree here was issued, it involved ownership of a land tract by co-tenants. In construing the document as a whole, we do not think it required each person listed in Exhibit C to receive one share in the corporation, if and when it was formed. Rather, it required the governing body of the tract to allow all individuals owning an interest in the tract to participate. Each person's property right was to be subject to the New Mexico laws of descent and distribution.

While the trial court in the present appeal granted summary judgment without specific findings and conclusions, it necessarily had to determine that the method of distribution of corporate shares was in accordance with the previous decree. We agree. By looking to the entire judgment, incorporating the Special Master's report, it is apparent that the method of distribution of shares adopted by the corporation was in accord.

Further issues raised by appellants are deemed beyond the scope of the present appeal and are therefore not addressed by this Court.

The trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Judge, and PAYNE, J., concur.