699 P.2d 646

Mark G. BRALLEY, Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE, Defendant-Appellee.

No. 7967.

Court of Appeals of New Mexico.

April 16, 1985.

Mark G. Bralley, pro se.

David N. Whitham, Gail Stewart, Asst. City Attys., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge

Plaintiff appeals from four separate orders entered by the trial court: (1) dismissal of plaintiff's complaint without prejudice; (2) denial of plaintiff's first motion for reconsideration; (3) denial of a restraining order; and (4) denial of plaintiff's second motion for reconsideration. On appeal plaintiff raises three points, each of which may be fairly summarized under the

single issue of whether the trial court erred in dismissing his complaint which alleged discriminatory practices by the Albuquerque City Police Department and without according plaintiff a hearing in the district court on the merits.

Initially, we review a threshold jurisdictional issue to determine whether plaintiff's appeal is timely. We dismiss plaintiff's appeal on a jurisdictional basis.

### FACTS

On June 17, 1983, plaintiff filed an appeal in the District Court of Bernalillo County seeking review of an administrative decision rendered by the Albuquerque Police Department under Albuquerque, N.M. Municipal Ordinance Section 2–9–25(B)(3) (1980). The appeal alleged that plaintiff had been discriminatorily passed over for promotion. Thereafter, the City moved to dismiss the appeal on the grounds that plaintiff had failed to exhaust his administrative remedies.

The following chronology of events then transpired:

| | |
|---|---|
| Order dismissing plaintiff's appeal | Nov. 22, 1983 |
| Plaintiff files motion to set aside or reconsider | Dec. 14, 1983 |
| Order denying first motion to reconsider | Feb. 28, 1984 |
| Plaintiff files second motion to set aside or reconsider | Mar. 28, 1984 |
| Plaintiff files motion for restraining order | Apr. 20, 1984 |
| Order denying motion for restraining order | May 3, 1984 |
| Order denying second motion to reconsider | May 21, 1984 |
| Plaintiff files notice of appeal | June 20, 1984 |

The order of November 22, 1983 dismissing plaintiff's appeal stated that the City's motion to dismiss the action was granted on the grounds that plaintiff had failed to exhaust his administrative remedies. The order further provided that "IT IS ORDERED that the Complaint be dismissed without prejudice." Plaintiff filed a notice of appeal to this court on June 20, 1984. He appealed from the orders of the district court entered November 22, 1983, February 28, 1984, May 3, 1984, and May 21, 1984.

Albuquerque Municipal Ordinance Section 2–9–25 provides, *inter alia*, for an administrative appeal by city employees from actions of city officers which have improperly denied an employee a promotion or advancement in grade. Under Section 2–9–25(C), appeals from a denial of a promotion or advancement are denominated "Class II" grievances. Subsection E of the ordinance specifies the administrative review procedure which includes requiring an aggrieved employee to initially discuss the action complained of with his immediate supervisor, and if the matter is not thereby satisfactorily resolved, to "make a formal written complaint of his or her grievance to his * * * department head within ten (10) calendar days of the occurrence of the grievable action." The department head is then required, within ten calendar days of the receipt of the written grievance, to render a decision to the chief administrative officer of the city. Thereafter, the chief administrative officer is directed to appoint a hearing officer to investigate and hear the grievance.

Under the Municipal Ordinance, the hearing officer is required to render a written report setting out his findings and recommendations. The ordinance further provides that the "decision of the Chief Administrative Officer shall be reviewable in District Court * * *. Appeal of the decision of the Chief Administrative Officer shall be taken within ninety (90) days of the final adverse decision of the Chief Administrative Officer." Municipal Ordinance § 2–9–25(E)(8).

On March 22, 1983, Frank Kleinhenz, Chief Administrative Officer for the City, notified plaintiff in writing that his request for a hearing on his grievance had been denied and that "the issue of the promotional process is not a grievable matter." Plaintiff filed an appeal from the decision of Kleinhenz on June 17, 1983 with the district court.

## JURISDICTION TO HEAR APPEAL

Does this court have jurisdiction to hear the appeal of plaintiff from the order of dismissal of the district court entered November 22, 1983 and the lower court's subsequent orders filed on February 28, May 3, and May 21, 1984?

### (A) *Finality of Order*

The district court entered its order dismissing plaintiff's action on November 22, 1983, "without prejudice." Thereafter, on December 14, 1983, plaintiff filed a "Motion To Set Aside Order Dismissing Case Or In The Alternative Motion To Reconsider Order Dismissing Case." Under NMSA 1978, Civ.App.Rule 3(a) (Repl.Pamp.1984), plaintiff was required to file an appeal from the district court's order of dismissal within thirty days of the entry of the order, unless the order was not final, or the December 14, 1983 motion served to toll the time for the filing of plaintiff's appeal.

The order of the district court dismissing plaintiff's appeal specified that the dismissal was "without prejudice" predicated upon plaintiff's failure to exhaust his administrative remedies. Plaintiff contends the order of dismissal was not a final order and hence did not necessitate that an appeal be taken therefrom within the thirty-day period prescribed by Civ.App. Rule 3(a) and NMSA 1978, Section 39–3–2.

The issue of whether a district court's dismissal "without prejudice" of an action seeking review in the district court from a lower court or quasi-judicial decision of an administrative agency, constitutes a final appealable order, is a matter of first impression in New Mexico.

■ In *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976), this court held that a dismissal "without prejudice" "ordinarily imports further proceedings." *See also Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 635 P.2d 1323 (Ct.App. 1981). The test of whether a judgment is final so as to permit the taking of an immediate appeal, lies in the effect the judgment has upon the rights of some or all of the parties. To determine whether an order is final, the order should be given a practical rather than a technical construction. *Clancy v. Gooding*, 98 N.M. 252, 647 P.2d 885 (Ct.App.1982). Whether an order is "final" may at times be difficult to ascertain. *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). *See also Hernandez v. Home Education Livelihood Program, Inc.*, 98 N.M. 125, 645 P.2d 1381 (Ct.App.1982).

■ An order dismissing a party's entire complaint without authorizing or specifying a definite time for leave to file an amended complaint, is a final order for purposes of appeal. *E.g., Watkins v. Local School Board of Los Alamos Schools*, 88 N.M. 276, 540 P.2d 206 (1975) (dismissal without prejudice with leave to amend within twenty days constitutes a final order where no action to amend is taken and no appeal was pursued from the order of dismissal); *Montoya v. Anaconda Mining Co. Compare Garver v. Public Service Co. of New Mexico*, 77 N.M. 262, 421 P.2d 788 (1966) (order of dismissal with leave to amend in ten days and which did not make provision for final dismissal after ten-day period, held to be interlocutory in nature).

The Supreme Court of Utah held in *Honerine Min. & Mill Co. v. Tallerday Steel Pipe & Tank Co.*, 30 Utah 449, 85 P. 626 (1906), that a final judgment of dismissal "without prejudice" may, depending upon the nature of the case, constitute a final judgment. The court stated:

It is true that to constitute a final judgment it is not essential that there be a final determination of the rights of the parties with reference to the subject-matter of the litigation, but merely with reference to the particular suit. It is the termination of the particular action which marks the finality of the judgment. A decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is, nevertheless, a final judgment.

*Id.* 30 Utah at 451, 85 P. at 626, 627. We think the rationale discussed in *Honerine*

*Min. & Mill Co.* is applicable in the present case.

■ The district court stated in its order of dismissal that plaintiff had failed to exhaust his administrative remedies. Under these facts the order of dismissal "without prejudice" was a final order necessitating a timely appeal in order to preserve appellate review.

(B) *Dismissal Without Prejudice*

■ Plaintiff argues that the words "without prejudice" contained in the order of dismissal evinces an intent not to clothe the order with finality, hence, an immediate appeal was not required. We disagree. The phrase "without prejudice," as set out in the order, indicates it was a final order but that the dismissal was not intended to be res judicata as to the merits of the controversy so as to preclude plaintiff from pursuing a new action once he exhausted available administrative remedies.

■ The words "without prejudice" when used in an order or decree generally indicate that there has been no resolution of the controversy on its merits and leave the issues in litigation open to another suit as if no action had ever been brought. *Marquez v. Juan Tafoya Land Corp.*, 96 N.M. 503, 632 P.2d 738 (1981); *Meeker v. Walker*, 80 N.M. 280, 454 P.2d 762 (1969). *See also* Restatement (Second) Judgments, § 20 (1982). A dismissal "without prejudice" gives the complainant the right to state a new and proper cause of action, if he can, and does not take away any rights of defense to the action. The designation of the dismissal of an action "without prejudice" is in the nature of a judgment. *Thompson-Hayward Chemical Co. v. Cyprus Mines Corp.*, 8 Kan.App.2d 487, 660 P.2d 973 (1983).

■ On December 14, 1983, plaintiff filed a motion to set aside or reconsider the order of dismissal dated November 22, 1983. A motion to set aside or to amend a judgment, if timely filed, will extend the time within which to appeal. Civ.App.R. 3(d). *See Chavez-Rey v. Miller*, 99 N.M.

377, 658 P.2d 452 (Ct.App.), *cert. denied*, 99 N.M. 358, 658 P.2d 433 (1983). This rule, however, does not provide solace to plaintiff under the facts in the present case. The failure of the trial court to rule within thirty days of the filing of plaintiff's first motion to set aside or reconsider the order of dismissal, amounted to a denial of the motion by operation of law. Civ.App.R. 3(d). Thus, the thirty-day period for the filing of plaintiff's appeal began running thirty days after the filing of the motion and expired January 12, 1984. Plaintiff's appeal filed June 20, 1984 was not timely. *Wagner Land & Investment Co. v. Halderman*, 83 N.M. 628, 495 P.2d 1075 (1972).

■ The motions filed by plaintiff after January 12, 1984, did not extend the time for the taking of an appeal nor invest the trial court with further jurisdiction. Upon the expiration of the time for taking of an appeal from the order of dismissal, the trial court's jurisdiction was terminated. *Luna v. Homestake Mining Co.*, 100 N.M. 265, 669 P.2d 741 (Ct.App.1983); NMSA 1978, Civ.P.R. 59(a) & (e) (Repl.Pamp.1980). *See also Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968) (upon entry of final order or decree and passage of the time allowed for an appeal or reopening of the case, jurisdiction of the court is exhausted unless a specific right of continuing jurisdiction exists). Noncompliance with the requirement of filing a timely notice of appeal deprives an appellate court of jurisdiction over the appeal. *Chavez-Rey v. Miller; Seaboard Fire & Marine Insurance Co. v. Kurth*, 96 N.M. 631, 633 P.2d 1229 (Ct.App.1980).

The order of dismissal entered by the trial court is affirmed. Each party shall bear their own costs on appeal.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.