**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CASSANDRA HOLBROOK REID,**

    Petitioner-Appellee,

v.                                           **NO. 28,956**

**THOMAS SARGENT POWELL,**

    Respondent-Appellant,

and

**PENNY HOLBROOK,**

    Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

David L. Walther
Santa Fe, NM

for Appellee

Thomas Sargent Powell
Albuquerque, NM

Pro Se Appellant

Leslie Becker
Albuquerque, NM

Guardian ad Litem

Thomas C. Montoya

Albuquerque, NM

for Intervenor

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Respondent (Father) appeals an order awarding fees to the guardian ad litem (GAL). [DS unnumbered page 1; RP 365] We proposed to dismiss for lack of finality in a notice of proposed summary disposition. Father has filed a timely memorandum in opposition which we have duly considered. After considering the arguments raised by Father in his memorandum opposition and remaining unpersuaded, we dismiss for lack of a final order.

As stated in our notice of proposed summary dismissal, this Court's jurisdiction lies from final, appealable orders. The test of whether a judgment is final, so as to permit the taking of an immediate appeal, lies in the effect the judgment has upon the rights of some or all of the parties. *See Bralley v. City of Albuquerque*, 102 N.M. 715, 718, 699 P.2d 646, 649 (Ct. App. 1985). Thus, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

As discussed more fully in our previous notice, Father is appealing an order

requiring him to pay the GAL $5,568.31 in fees already incurred. [RP 365] The order specifically states that Father may file a motion regarding his allegations that the interim parenting plan has been violated, which will be heard at trial, and it makes no decision on Father's earlier motion to dismiss the GAL filed on March 6, 2008, which remains pending. [RP 308, 365] The district court has also issued a memorandum order requiring the GAL to cease any further action until the court hears Father's motion to dismiss or makes a determination consistent with Rule 1-053.3 NMRA. [RP 366] Finally, a trial on the merits to determine custody was scheduled for November 3, 2008, at which point various motions were to be considered. [RP 441] We are unaware of the outcome of that proceeding and Father's memorandum in opposition indicates that the trial date was moved to December 18 and 19, 2008. [MIO unnumbered page 4].

In his memorandum in opposition, Father urges us to forgo our usual policy of avoiding piecemeal appeals, contending that the family court performs functions distinct from the other functions performed by the district court and that the "novelty and distinctiveness of its mission" serves to shield its decisions from "proper and regular appellate review." [MIO 2-3] He argues that finality should be more liberally construed in family law matters because these cases are not "final" until the child is emancipated or the child dies. [MIO 4] We are unpersuaded.

Father is correct that district courts may retain jurisdiction over matters such as spousal support, child custody, and child support in order to modify earlier orders if circumstances so warrant. [MIO 4] *See* NMSA 1978, § 40-4-(F) and (G) (1997). However, the retention of jurisdiction to modify previous orders concerning these matters does not render any initial decision of the district court non-final for purposes of appeal. *Cf. Thornton v. Gamble*, 101 N.M. 764, 768, 688 P.2d 1268, 1272 (Ct. App. 1984) ("When a petition for dissolution of marriage is filed requesting relief in more than one area (divorce, custody, support, alimony, and property or any combination thereof), the court must adjudicate all issues raised by the pleadings or determine that there is no just reason for delay before its decision will be final enough to allow appellate review. Similarly, if a petition to modify more than one of the modifiable elements of a final divorce decree is filed, the court must adjudicate all issues raised by the petition or determine that there is no just reason for delay before its decision will be final enough to allow appellate review."). Although orders involving child custody and support are final despite the district court's continuing jurisdiction to later modify these orders, the order must resolve all of the matters raised in the initial petition before the case is sufficiently final for appeal. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 17, 125 N.M. 680, 964 P.2d 844 (stating the general rule in dissolution proceedings that "there is no final order unless and until an order

4

is entered that contains decretal language and resolves all the matters raised in the initial petition").

In this case, as Father acknowledges, trial is set for December 18, 2008. [MIO 4] Moreover, the order Father seeks to appeal only addresses the discrete issue of fees previously incurred by the GAL; it does not resolve any other issues as to custody or support nor does it even address the propriety of the GAL's involvement in the case. [RP 365] Finally, it does not contain the usual decretal language necessary for an order to be sufficiently final for appeal. *See id.* ¶ 16 ("[L]ack of decretal language is [usually] a fatal flaw."). Therefore, we are not persuaded that allowing appeal of the isolated issue of Father's liability for the fees incurred by the GAL for past services is appropriate given the number of substantive issues that remain outstanding and that are currently set for trial and given our usual policy of avoiding piecemeal appeals. *See Kelly Inn No. 102*, 113 N.M. at 239, 824 P.2d at 1041.

**CONCLUSION**

For these reasons as well as those set forth in our notice of proposed summary disposition, we dismiss the appeal as having been taken from an order that does not completely dispose of this case and is therefore not final for the purposes of appeal.

**IT IS SO ORDERED.**

5

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**MICHAEL E. VIGIL, Judge**