This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38142

**WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as Trustee for PRETIUM MORTGAGE ACQUISITION TRUST,**

Plaintiff-Appellee,

v.

**DARLENE M. LUCERO a/k/a DARLENE M. GONZALES,**

Defendant-Appellant,

and

**JOHN DOE GONZALES, and OCCUPANTS OF THE PROPERTY,**

Defendants,

and

**NUSENDA FEDERAL CREDIT UNION,**

Defendant/Cross-claimant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

McCarthy & Holthus, LLC
Joshua T. Chappell
Jason Collis Bousliman
Albuquerque, NM

for Appellee

Rachel O. Woods
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals a summary judgment in this mortgage foreclosure suit. This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     Defendant's memorandum in opposition continues to assert that this action was precluded by the dismissal of a prior action and also that the district court erred by granting Plaintiff's motion for summary judgment despite the existence of a factual dispute. [MIO 5, 8] These matters were asserted in Defendant's docketing statement as issues a, b, and c. [DS 4-5] As Defendant's memorandum in opposition does not address the matter raised as issued, we deem that issue abandoned. [DS 5-6] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

**{3}**     With regard to Defendant's first issue, her docketing statement suggested that a prior dismissal satisfied the elements enumerated in *Turner v. First N.M. Bank*, 2015-NMCA-068, ¶ 6, 352 P.3d 661, which describes the four elements of claim preclusion. [DS 4] Defendant's docketing statement also recited facts that, if treated as true, were sufficient to establish three of those elements. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (explaining that this Court treats factual recitations in the docketing statement as true unless and until they are contradicted by the opposing party or the record on appeal). With regard to the remaining element, however, Defendant's docketing statement did not provide us with facts necessary to assess her claim of error. *See* Rule 12-208(D) NMRA (requiring a docketing statement to summarize "all facts material to a consideration of the issues presented").

**{4}**     The element at issue requires that the judgment claimed to preclude further litigation was a judgment on the merits. *See Turner*, 2015-NMCA-068, ¶ 6. Accordingly, our notice pointed out that the only information we had with which to evaluate whether the prior judgment was a judgment on the merits was that an order of dismissal without prejudice was entered on the basis that Plaintiff " 'failed to follow the [d]istrict Rules of Civil Procedure, by failing to timely respond' to a motion filed by Defendant." [CN 4 quoting DS 2] Thus, we proposed that Defendant had not met her burden of establishing error below. [Id.] *See Bralley v. City of Albuquerque*, 1985-NMCA-043, ¶ 18, 102 N.M. 715, 699 P.2d 646 (noting that "[t]he words 'without prejudice' when used in an order or decree generally indicate that there has been no resolution of the

controversy on its merits and leave the issues in litigation open to another suit as if no action had ever been brought").

**{5}** In response to that proposal, Defendant's memorandum in opposition now asserts that Plaintiff's failure to respond to a dismissal motion constituted an admission of the facts asserted in that motion and, as a result, "[t]he 2014 [o]rder to [d]ismiss was made based on the facts brought by the [m]otion and admitted to by Plaintiff." [MIO 4] It remains unclear, however, what facts were "brought by the [m]otion."[Id.] We note that the motion, itself, appears to have been denominated as a "[m]otion to [d]ismiss for [l]ack of [j]urisdiction in [l]ight of [n]ew [c]ontrolling [l]aw." [DS 2] Given the timing of that motion, which was filed in September of 2014, it seems likely that the new controlling law referred to in the name of Defendant's motion was the rule announced in *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 38, 320 P.3d 1, involving the requirements for a mortgagee to establish standing in a foreclosure action. That is speculation, of course, since Defendant does not provide us with those facts. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (explaining that this Court will not search the record for facts); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that this Court does not review "unclear arguments, or guess at what [a party's] arguments might be").

**{6}** Nonetheless, we note that if the currently-undisclosed facts averred in Defendant's motion to dismiss involved Plaintiff's standing for reasons resembling *Romero*, those facts would likely not amount to a dismissal on the merits. A subsequent appeal in the *Romero* case, itself, held that a subsequent action was not precluded. *See Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 16, 382 P.3d 991 (noting that the standing-based dismissal at issue in the first *Bank of N.Y. v. Romero*, 2014-NMSC-007, 320 P.3d opinion was not an adjudication of "the merits of the foreclosure claim" and concluding that a subsequent foreclosure action was not precluded).

**{7}** In any event, whatever facts were asserted in Defendant's motion to dismiss for unspecified jurisdictional reasons, those facts are not before this Court in this appeal because Defendant has chosen not to provide them in her docketing statement or in her memorandum in opposition to summary affirmance.[1] *See* Rule 12-208(D) (requiring appellants to provide such facts); *State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (noting that a memorandum in opposition to summary disposition "must come forward and specifically point out errors in fact and in law"); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that an appellant's failure to provide this Court with a summary of all the facts material to a consideration of an issue on appeal necessitates a denial of appellate relief).

**{8}** Turning to Defendant's issues b and c, we note that the docketing statement posited error in the grant of summary judgment on the basis that factual disputes

---

[1]At another point in her memorandum in opposition, Defendant asserts that Plaintiff argued that the dismissal was a dismissal for lack of prosecution, and therefore not a judgment on the merits. [MIO 7-8] Without knowing the underlying facts, this Court is in no position to assess the legal question presented by that argument.

existed. [DS 5] Our notice pointed out that the docketing statement's summary of that factual dispute recited only that Defendant had asserted a pair of defenses and explicitly invited Defendant to file a memorandum in opposition in which she informed us of those facts, as well as the parties' dispute regarding them. [CN 5] Defendant's memorandum in opposition now reasserts that she advanced various defenses in response to the motion for summary judgment, including the preclusion defense discussed above as well as the defenses mentioned as issues b and c in her docketing statement. Defendant's preclusion defense is discussed above. With regard to the other defenses mentioned, Defendant's memorandum in opposition reiterates that she asserted those defenses, directs our attention to the rules governing summary judgment, and points out that the judgment entered does not discuss a "material fact" that she asserted and that Plaintiff admitted. Defendant's memorandum in opposition, however, does not provide us with any facts from which we could conclude that Plaintiff was "in violation of the Unfair Practices Act" or was employing attorneys who "might not be directed by" Plaintiff. [MIO 7]

**{9}** This Court cannot address "unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be." *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181. In any event, Defendant's memorandum in opposition does not provide us with any new facts that would allow this Court to determine that the district court erred by granting the motion for summary judgment.

**{10}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, the summary judgment entered below is affirmed.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**