OPINION VIGIL, Judge. {1} This case requires us to determine whether res judicata, also known as claim preclusion, bars the filing of a second lawsuit when a virtually identical lawsuit was previously dismissed “without prejudice.” The district court ruled that the second suit is barred, and we affirm. BACKGROUND {2} In October 2010, Plaintiffs filed a civil complaint in the Luna County district court, and the case was assigned to Judge Viramontes. In response to Defendant’s motion , Judge Viramontes ordered Plaintiffs to make a more definite statement, and Plaintiffs filed an amended complaint (First Complaint). In general terms, the First Complaint alleged that Plaintiffs purchased a farm and built a dairy on the farm, financed by loans from Defendant, and that Defendant subsequently engaged in actions by which Defendant attempted to take control and management of Plaintiffs’ business. Count I alleged that Defendant’s course of conduct “became so egregious that it violated the standards of good faith and fair dealing that are required by [NMSA 1978,] Section 55-1-304 [(2005)] of the Uniform Commercial Code[.]” Count II alleged that Plaintiffs repaid a loan in full and Defendant failed and refused to report to credit reporting agencies that the loan had been repaid, with the consequence that the loan was reported as being past due, causing damage to Plaintiffs’ credit. Count III alleged that Defendant’s conduct violated the standards of good faith and fair dealing required by the Uniform Commercial Code and was sufficiently malicious, reckless and wanton, as to warrant the imposition of punitive damages. Defendant then filed a motion to dismiss the First Complaint in its entirety for failure to state a claim pursuant to Rule 1-012(B)(6) NMRA. After Plaintiffs responded, Judge Viramontes held a hearing. Following that hearing in a July 2012 order, Judge Viramontes granted Defendant’s motion and dismissed each count of the First Complaint “without prejudice.” Judge Viramontes reasoned that Count I alleged a breach of the “obligation of good faith” set forth in Section 55-1-304, and this section of the Uniform Commercial Code does not support an independent cause of action; that Count II alleged a violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 (2012), and because the claim relates to Plaintiffs’ personal or consumer loan, federal law preempts the state law claim; and that Count III alleged a claim for punitive damages under the Uniform Commercial Code, which does not provide for an award of punitive damages. {3} No appeal was taken from Judge Viramontes’s order of dismissal. Instead, Plaintiffs filed a new complaint against Defendant in September 2012 (Second Complaint), and this case was assigned to Judge Robinson. The parties and Counts I and III of the Second Complaint are absolutely identical to the First Complaint. Count II is virtually identical, adding only that Defendant’s conduct as it relates to Plaintiffs’ personal or consumer loan impacted their “business relationships” and “commercial credit.” Defendant filed a motion to dismiss the Second Complaint on grounds that Judge Viramontes’s order dismissing the First Complaint was binding in the case under principles of res judicata (claim preclusion) and collateral estoppel (issue preclusion) and for the additional reason that the Second Complaint fails to state a claim upon which relief can be granted. Judge Robinson agreed with Defendant and dismissed the Second Complaint in its entirety with prejudice. Plaintiffs appeal. {4} The dispositive issue in this case is the effect of the order dismissing the First Complaint on the Second Complaint. Plaintiffs argue that because dismissal of the First Complaint was “without prejudice,” it had no effect on their right to file the Second Complaint, and Defendant asserts that dismissal ofthe Second Complaint was proper under the doctrines of claim preclusion and issue preclusion. For the reasons which follow, we agree that claim preclusion was properly applied, and affirm. STANDARD OF REVIEW {5} The facts are undisputed; therefore, our review ofwhether res judicata applies presents a question of law, which we review de novo. State ex rel. Peterson v. Aramark Corr. Servs., LLC, 2014-NMCA-036, ¶23, 321 P.3d 128 (“ ‘When the facts are not in dispute, the preclusive effect of a prior judgment is a question of law reviewed de novo.’ ” (quoting Rosette, Inc. v. United States Dep’t of the Interior, 2007-NMCA-136, ¶ 31, 142 N.M. 717, 169 P.3d 704)). ANALYSIS {6} “Res judicata [i.e., claim preclusion] is designed to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication.” Potter v. Pierce, 2015-NMSC-002, ¶ 10,___P.3d___(No. 34,365, Jan. 8, 2015) (alterations, omission, internal quotation marks, and citation omitted); see also Alba v. Hayden, 2010-NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (“ ‘The principles of preclusion operate to promote finality in civil disputes by relieving parties of the burdens of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions.’ ” (quoting Rosette, Inc., 2007-NMCA-136, ¶ 32)). Claim preclusion “bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits.”Deflon v. Sawyers, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577 (internal quotation marks and citation omitted). The party asserting claim preclusion must establish that “(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits.” Potter, 2015-NMSC-002, ¶ 10. {7} We first address whether the order dismissing the First Complaint is a final judgment notwithstanding that the dismissal was “without prejudice.” The order dismissed the First Complaint in its entirety, it fully disposed of the rights of the parties, and otherwise disposed of the matter to the fullest extent possible, without authorizing or specifying when an amended complaint could be filed. Moreover, the order decisively and fully determined that Plaintiffs failed to state a cause of action, and an immediate appeal was necessary to reverse that determination. The order dismissing the First Complaint therefore constituted a final judgment under our established precedent. See Vill. of Los Ranchos de Albuquerque v. Shiveley, 1989-NMCA-095, ¶¶ 10-13, 110 N.M. 15, 791 P.2d 466 (concluding that an order dismissing “without prejudice” for lack of standing constituted a final judgment because the order “terminated the suit and the proceeding was completely disposed of so far as the court had power to dispose of it”); Bralley v. City of Albuquerque, 1985-NMCA-043, ¶¶ 11-16, 102 N.M. 715, 699 P.2d 646 (concluding that an order of dismissal “without prejudice” for failure to exhaust administrative remedies which did not authorize or specify a definite time to file an amended complaint was a final judgment because the order fully terminated and disposed of the case before the court). In Sunwest Bank of Albuquerque v. Nelson, 1998-NMSC-012, ¶¶ 7-9, 125 N.M. 170, 958 P.2d 740, our Supreme Court expressly approved Bralley and Village of Los Ranchos and concluded itself that an order of dismissal “without prejudice” for improper venue was a final order because the order “disposed of the matter to the fullest extent possible in the court in which the action was filed.” Sunwest Bank of Albuquerque, 1998-NMSC-012, ¶ 9. {8} We next address whether the order dismissing the First Complaint is a judgment “on the merits.” Here, Defendant filed a motion to dismiss pursuant to Rule 1-012(B)(6). Plaintiffs responded in writing to the motion and then made oral arguments in opposition to the motion in a notice hearing held before Judge Viramontes. Under these circumstances, the “merits” of whether the First Complaint stated a cause of action under Rule 1 -012(B)(6) was fully and fairly litigated before Judge Viramontes in accordance with the due process rights of Plaintiffs to notice and an opportunity to be heard. Accordingly, we conclude that the order dismissing the complaint constituted a judgment “on the merits” that the First Complaint failed to state a cause of action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (“The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a ‘judgment on the merits. ’ ”); AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) (“Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits and there is abundant case law to this effect.”). We therefore hold that the order dismissing the First Complaint constitutes a judgment “on the merits” that is entitled to claim preclusion effect. {9} There is no dispute that the last two requirements for claim preclusion (that the parties in the two suits are the same, and that the cause of action is the same in both suits) are satisfied. We only add that Count II in the First Complaint was dismissed because preemption under the federal Fair Credit Reporting Act applies to personal or consumer loans. To the extent the minor changes made in the wording of Count II in the Second Complaint requires a review of the merits, the district court noted that the complaint was filed by Plaintiffs in their individual capacities and alleged that Plaintiffs borrowed the money in their individual capacities and that Defendant failed to report to credit reporting agencies that Plaintiffs had repaid the loan. We also note that the complaint alleges Plaintiffs were personally damaged. Plaintiffs cite no authority establishing that the minor changes made in the wording to Count II convert what is otherwise a personal loan into a commercial loan. Thus, regardless of the minor changes, Count II remains preempted under the Fair Credit Reporting Act. {10} For the foregoing reasons, we hold that res judicata (claim preclusion) barred the filing of the Second Complaint. CONCLUSION {11} The order of the district court is affirmed. {12} IT IS SO ORDERED. MICHAEL E. VIGIL, Chief Judge I CONCUR: M. MONICA ZAMORA, Judge TIMOTHY L. GARCIA, Judge (specially concurring).