This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CAROLE ROBINSON,**

Petitioner/Cross-Appellee-Appellant,

**v.**                                                            **No. A-1-CA-36061**

**MARTY BRITO and MONICA BRITO,**

Respondents/Cross-Appellants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Robert Richards
Santa Fe, NM

 for Appellant

Marty Brito
Monica Brito
Santa Fe, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Petitioner Carole Robinson appeals from the district court's order awarding her attorney fees on October 26, 2016. [DS 1; 3 RP 481] This Court first issued a notice

proposing to dismiss for lack of a final order. Following Robinson's withdrawal of her motion to reconsider pending before the district court, this Court issued a second notice of proposed disposition addressing the merits of Robinson's appeal and proposing to affirm. Robinson filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In our notice of proposed disposition, we addressed four central contentions raised by Robinson's numerous issues: (1) the district court's determinations underlying the attorney fees award were erroneous; (2) the district court erred in refusing to allow Robinson to submit a bill for legal services to provide an itemization of her fees and costs after the district court entered its order; (3) the district court erred in the amount of attorney fees it awarded; and (4) the district court erred in determining the amount of attorney fees awarded to Lexus of Santa Fe (Garnishee), for which Robinson was partially responsible. [CN 4; *see* DS 13-15] Addressing the first three issues together, we proposed to conclude Robinson had not demonstrated the district court abused its discretion in awarding Robinson a lower amount of attorney fees than she sought because Robinson's contrary assertions and reliance on her withdrawn motion to reconsider and an itemization of costs do not show the district court's findings underlying the fee award were not supported by substantial evidence. [CN 4-7] In her response, Robinson continues to make contrary assertions

regarding the district court's assessment of Robinson's motivation for declining a settlement offer; the value of pleadings Robinson filed, in light of her successful motion for summary judgment; and the district court's motivation in awarding Robinson a lesser award of attorney fees than she requested. [MIO 1, 4, 5] As we noted in our proposed disposition, "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case. The evidence is viewed in the light most favorable to the ruling of the district court." *Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 24, 147 N.M. 625, 227 P.3d 115 (citations omitted); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating contrary evidence supporting a different result does not provide a basis for reversal because the fact-finder is free to reject that version of the facts). Under the standard and in light of the record before us, we conclude Robinson's continued assertion of contrary facts does not provide a basis for reversal of the attorney fee award.

{3}     Robinson also continues to argue the district court erred in refusing to consider her itemization of fees and costs submitted after entry of the order awarding attorney fees and Robinson's motion for reconsideration and notice of appeal. [MIO 10, 13, 14] Robinson asserts this Court should consider her motion for reconsideration and itemization of fees and costs in reviewing the award of attorney fees, even though the

motion to reconsider was later withdrawn, because Robinson fairly invoked rulings by the district court. [MIO 7] Notwithstanding the fact Robinson withdrew her motion from the district court's consideration, we note a district court may properly refuse to consider evidence in a motion to reconsider that could have been, but was not, included in the original motion. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶¶ 9-10, 135 N.M. 423, 89 P.3d 672. We therefore conclude the district court did not err in not considering Robinson's assertions in her motion to reconsider and itemization of fees and costs, and we decline to address in the first instance the assertions made in those pleadings.

{4} Robinson further continues to argue the district court erred in not awarding her all of her requested attorney fees based on her failure to provide sufficient detail about the costs and fees. Robinson contends she followed the same procedure as Garnishee, which received all of its requested fees, by filing an affidavit by her attorney. In support of this argument, Robinson asserts the method by which Garnishee requested attorney fees became the law of the case, and she was treated unfairly when she did not receive her full requested amount using the same procedure Garnishee used. [MIO 8-9, 16] We are unconvinced the law of the case doctrine is applicable here, and Robinson does not demonstrate how it is applicable, beyond merely asserting it applies. *See Bank of New York v. Romero*, 2016-NMCA-091, ¶ 9, 382 P.3d 991 ("The

4

law of the case doctrine is a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled." (internal quotation marks and citation omitted)); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). We therefore conclude the law of the case doctrine does not provide a basis for reversal of the attorney fee award.

{5}	In addressing Robinson's fourth issue, we proposed to conclude the district court did not abuse its discretion in requiring Robinson to pay half of the attorney fees incurred by Garnishee in defending Robinson's garnishment petition because Garnishee was entitled to recover attorney fees pursuant to NMSA 1978, Section 35-12-16(B) (1977); Robinson had agreed Garnishee was entitled to reasonable attorney fees; and Robinson failed to articulate why the award was an abuse of discretion. [CN 7-8] In her memorandum in opposition, Robinson no longer argues she should not be responsible for half of Garnishee's attorney fees and instead asserts she should recover additional attorney fees sufficient to cover the attorney fees she owes to Garnishee because the debt owed to Garnishee constitutes a cost. [MIO 16] In support of this proposition Robinson first cites Rule 12-403(B)(3) NMRA, which states allowable costs may include "reasonable attorney fees for services rendered on appeal in causes

5

where the award of attorney fees is permitted by law[.]" Robinson next cites *Valley Improvement Ass'n v. Hartford Accident and Indemnity Co.*, 1993-NMSC-061, ¶ 17, 116 N.M. 426, 863 P.2d 1047, in which our Supreme Court held the district court's failure to quantify an award of damages rendered the judgment non-final. Neither of the authorities Robinson cites is applicable to her argument she should be able to recover a greater award of attorney fees to cover a debt of attorney fees she owes. We therefore conclude Robinson was not entitled to recover attorney fees to cover the attorney fees she owes Garnishee.

{6}     Finally, we note Robinson argues for the first time in her memorandum in opposition the district court improperly denied her the opportunity to review the order awarding attorney fees and erred in failing to rule on the motion for reconsideration within sixty days. [MIO 6] We construe these arguments as a motion to amend the docketing statement. The essential requirements to show good cause to grant a motion to amend a docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

For the following reasons, we deny Robinson's motion to amend the docketing statement because the issues raised are not viable appellate issues.

{7}     In support of the argument the district court denied her an opportunity to object to the order awarding attorney fees, Robinson cites Rule 1-054(D)(4) NMRA, which addresses the procedure for entry of an order on recovery of costs. [MIO 6] However, Robinson's issues on appeal relate to only the award of attorney fees, not costs. [*See* DS 13-15] And as we noted above, Robinson has not demonstrated why the fees she owes Garnishee could be classified as a cost. We therefore conclude the time limit for entry of an order under Rule 1-054.1 is not applicable, and this issue is not viable.

{8}     Robinson also argues the district court erred in failing to timely rule on her motion for reconsideration. However, as we previously noted, Robinson has withdrawn her motion for reconsideration. Thus, any assertion of error regarding the timely disposition of her motion is moot. "A reviewing court generally does not decide academic or moot questions." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273. Therefore, we conclude this is not a viable appellate issue.

{9}     Accordingly, for the reasons explained in this Court's second notice of proposed disposition and above, we deny Robinson's motion to amend the docketing statement and affirm.

{10}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**JULIE J. VARGAS, Judge**