This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BANK OF NEW YORK MELLON,**
**AS TRUSTEE FOR CIT MORTGAGE**
**LOAN TRUST 2007-1, BY VERICREST**
**FINANCIAL, INC. AS ATTORNEY-IN-FACT,**

     Plaintiff-Appellant,

v.                                **NO. A-1-CA-35421**

**SHANNON RICHESIN a/k/a**
**SHANNON MICHELLE RICHESIN**
**a/k/a SHANNON M. RICHESIN,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellant

Jane B. Yohalem
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff Bank of New York Mellon appeals the district court's orders dismissing with prejudice two consolidated foreclosure actions brought against Defendant Shannon Richesin. Concluding that both dismissals were improper, we reverse.

**BACKGROUND**

{2}     Plaintiff filed a first foreclosure action against Defendant on December 14, 2010, asserting it was the holder of the note and mortgage of record. In fact, however, while the note's effective assignment date was October 1, 2010, the assignment itself was not signed until February 17, 2011. On November 8, 2013, the district court granted summary judgment in Plaintiff's favor and ordered a foreclosure sale. Shortly thereafter, our New Mexico Supreme Court decided *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1, *abrogated in part by Deutsche Bank National Trust Co. v. Johnston* (*Deutsche Bank II*), 2016-NMSC-013, ¶ 11, 369 P.3d 1046, which held that a plaintiff bank must establish "timely ownership of the note and the mortgage to support its entitlement to pursue a foreclosure action." *Id.* ¶ 17. Under *Romero*, a district court lacked subject matter jurisdiction to issue a foreclosure judgment to a bank that did not hold the underlying note and mortgage at the time its complaint was initiated. *Id.* ¶ 1 (instructing the district court to "vacate its foreclosure judgment and to dismiss the

2

. . . foreclosure action for lack of standing"); *see also Deutsche Bank Nat'l Tr. Co. v. Beneficial N.M. Inc.* (*Deutsche Bank I*), 2014-NMCA-090, ¶ 8, 335 P.3d 217 (explaining that "*Romero* clarified that standing is a jurisdictional prerequisite for a cause of action and must be established at the time the complaint is filed").[1] Based on *Romero*, Defendant moved for relief from the order of summary judgment and foreclosure sale. The district court granted Defendant's motion on February 9, 2015, and set aside its November 8, 2013 order as void under Rule 1-060(B)(4) "due to lack of proof of standing by Plaintiff at the time of filing[.]" It further ordered the case to proceed as if the "[o]rders and [s]ale were not entered."

{3}     In response, Plaintiff moved to dismiss all claims in its initial complaint without prejudice pursuant to Rule 1-041(A)(2) NMRA. Defendant filed a response to Plaintiff's motion, asserting her own counterclaims against Plaintiff and asking the district court to either deny Plaintiff's motion to dismiss without prejudice or to dismiss Plaintiff's case with prejudice. At the hearing on Plaintiff's motion and in response to the district court's inquiry as to why Plaintiff was requesting dismissal without prejudice instead of with prejudice, Plaintiff

---

[1]Although not at issue in this appeal, our Supreme Court has since held, abrogating *Romero*, that the issue of standing in mortgage foreclosure cases is prudential, and not jurisdictional. *Deutsche Bank II*, 2016-NMSC-013, ¶ 16. The Court in *Deutsche Bank II* further clarified that "a final judgment on . . . an action to enforce a promissory note . . . is *not* voidable under Rule 1-060(B) NMRA due to a lack of prudential standing." *Deutsche Bank II*, 2016-NMSC-013, ¶ 34 (emphasis added).

explained that it was Plaintiff's "intention to refile this foreclosure" in order to "correct [the] standing issue . . . based on the *Romero* decision[.]" On July 31, 2015, the district court entered an order (July 31 order) which stated:

1. Plaintiffs' Motion to Dismiss is GRANTED with leave to amend their complaint.

2. Plaintiffs have [forty-five] days from the date of this order to file their amended complaint. If Plaintiffs do not file their amended complaint within this timeframe, this case will be dismissed with prejudice.

{4} On September 11, 2015, Plaintiff filed a second complaint against Defendant seeking foreclosure as to the same property. Because Plaintiff had not filed an amended complaint as directed by the district court's July 31 order, the district court dismissed the first case with prejudice on September 25, 2015. Later that day, Plaintiff filed a notice of filing in the first case, informing the district court that it had filed a new in rem complaint on September 11, 2015, "pursuant to the [July 31 o]rder." On October 14, 2015, Plaintiff moved the district court to set aside its order of dismissal with prejudice as to the first complaint, explaining that it had attempted to file its notice of filing regarding the second complaint prior to September 25 but that the notice was rejected because the attached complaint was too long. In its motion, Plaintiff stated that it "was diligent in preparing and filing its new foreclosure complaint," and after acknowledging that the July 31 order "appears to contemplate filing an [a]mended [c]omplaint[,]" explained that "[a]ny

4

deviation from th[e court's July 31] order was by mistake." Plaintiff then suggested that if the district court wished to preside over the second cause of action as it had the first, it could consolidate the cases. In its reply to Defendant's response to Plaintiff's motion, and citing *Romero*, Plaintiff further explained that "[t]he purpose of Plaintiff's voluntary dismissal and the subsequent filing [of] the new complaint was to resolve any standing issues."

{5} The district court ordered the cases consolidated and, six days later, entered a memorandum opinion and order denying Plaintiff's motion to set aside the order of dismissal with prejudice of the first action and dismissing the second action with prejudice on the ground of res judicata. Never mentioning or addressing the effect of *Romero*, the district court denied Plaintiff's motion to set aside the order of dismissal with prejudice, stating that it "cannot conclude that Plaintiff complied either with the plain language of the [July 31 o]rder or its 'spirit' by filing a new complaint and initiating an entirely new action." Plaintiff appeals both dismissals.

**DISCUSSION**

**Standard of Review**

{6} Ordinarily, we review "[s]ua sponte dismissal[s] for failure to comply with a court order . . . only to determine whether there was an abuse of discretion." *Beverly v. Conquistadores, Inc.*, 1975-NMCA-070, ¶ 8, 88 N.M. 119, 537 P.2d 1015. "An abuse of discretion will be found when the [district] court's decision is

5

clearly untenable or contrary to logic and reason." *Newsome v. Farer*, 1985-NMSC-096, ¶ 22, 103 N.M. 415, 708 P.2d 327. Further, "[a] court abuses its discretion when it misapplies the law to the facts[,]" and "we review the application of the law de novo to determine whether an abuse of discretion has occurred." *Wilson v. Mass. Mut. Life Ins. Co.*, 2004-NMCA-051, ¶ 21, 135 N.M. 506, 90 P.3d 525, *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 23, 148 N.M. 692, 242 P.3d 259. However, in this case, because we conclude that the district court abused its discretion when it dismissed Plaintiff's first case with prejudice, we review dismissal of the second case—which was dismissed based upon the district court's application of the doctrine of claim preclusion—de novo. *See Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 15, 382 P.3d 991 ("Appellate courts in New Mexico review de novo whether elements for claim preclusion have been satisfied.").

**The District Court Abused Its Discretion in Dismissing With Prejudice the First Complaint**

{7}    Plaintiff argues that the district court erred when it dismissed Plaintiff's first complaint with prejudice based upon Plaintiff's non-compliance with the July 31 order. Because the district court's ruling resulted from its misapplication of law, we agree.

{8}    We first reiterate that the parties and the district court acted in reliance— which we have not been asked to review on appeal—on our Supreme Court's

decision in *Romero*. And under *Romero*, Plaintiff's first complaint suffered from an incurable, then-jurisdictional, standing defect because it was commenced on December 14, 2010, a date which preceded February 17, 2011, when the assignment of note and mortgage was recorded.

{9} Against this unusual legal backdrop and relying on what it contends to be the July 31 order's inherent ambiguity—permitting amendment to a simultaneously dismissed complaint that suffered from a fatal standing defect—Plaintiff maintains it commenced its second foreclosure action not only within forty-five days as directed by the district court, but in good faith and without willful disregard for the July 31 order. Plaintiff contends it took "procedurally proper and substantial steps to comply with the end result contemplated in the July 31[ order,]" that is, those steps necessary to initiate a cause of action that would not be subject to dismissal under *Romero*. Defendant responds that Plaintiff "violated both the clear language and the 'spirit' of the [July 31 order,]" and that by so doing, it "interfered substantially with the administration of justice and prejudiced [Defendant.]"

{10} We agree with Plaintiff that filing a second, and not an amended, complaint reasonably complied with the July 31 order, particularly given the standing defect that underpinned the district court's dismissal of the first complaint for lack of jurisdiction. We are aware of no authority, nor has Defendant pointed us to any, that an amended complaint—as was ordered to be filed by the district court in its

7

July 31 order—would alter the date upon which the first foreclosure cause of action commenced, which, as we have explained, would be necessary to the district court's jurisdiction under *Romero*. This is because an amended complaint does not modify the original complaint's filing date when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Rule 1-015(C)(1) NMRA. Rather, Rule 1-015(C)(1) provides that such amended complaints "relate[] back to the date of the original pleading." *See Martinez v. Segovia*, 2003-NMCA-023, ¶ 24, 133 N.M. 240, 62 P.3d 331 (stating that a party cannot amend the date upon which a cause of action was initiated when the amended complaint arises "out of the [same] conduct, transaction or occurrence set forth or attempted to be set forth in the original" (internal quotation marks and citation omitted)). Moreover, as Plaintiff contends, the district court's requirement that the original complaint be amended reflected its mistaken "belief that an amend[ment to the] complaint would fix the standing issue," when then applicable jurisprudence plainly stood for a contrary proposition—that a properly dated indorsement of the note must precede the date on which a foreclosure cause of action was initiated. *See Romero*, 2014-NMSC-007, ¶ 17; *Deutsche Bank I*, 2014-NMCA-090, ¶ 13.

{11}     We thus agree with Plaintiff that an amended complaint, as directed by the district court in its July 31 order as a prerequisite to revival of Plaintiff's first

8

dismissed foreclosure action, would have been legally insufficient to cure the standing defect in its original complaint. Accordingly, the July 31 order permitting the filing of an amended complaint was premised upon a misunderstanding of law, specifically Rule 1-015(C), *Romero*, and *Deutsche Bank I*. Therefore, the ensuing dismissal with prejudice premised upon Plaintiff's failure to precisely comply with the July 31 order—when to do so would not have salvaged the flawed first complaint—was an abuse of the district court's discretion. *Cf. Brooks v. Norwest Corp.*, 2004-NMCA-134, ¶¶ 7, 35, 136 N.M. 599, 103 P.3d 39 (concluding that the district court correctly applied Rule 1-023 NMRA and in so doing did not abuse its discretion by misapprehending New Mexico law). Stated differently, and particularly given that the district court's dismissal of Plaintiff's first complaint with prejudice was a sanction premised upon Plaintiff's alleged violation of the July 31 order, the district court's ruling was without logic or reason considering the record and circumstances at the time. *See Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 30, 120 N.M. 151, 899 P.2d 594 (stating that an award of sanctions is an abuse of discretion when the district court's decision is "without logic or reason, or clearly unable to be defended" (omission, internal quotation marks, and citation omitted)). We thus conclude that dismissal with prejudice of the first complaint was reversible error. Accordingly, we need not reach Plaintiff's remaining arguments regarding this issue.

**The District Court Erred in Dismissing With Prejudice the Second Complaint**

{12}    Because we conclude that the district court abused its discretion when it dismissed Plaintiff's first case with prejudice, we further conclude that its dismissal of Plaintiff's second case with prejudice—a ruling premised exclusively on the preclusive effect of the first such dismissal—must be reversed. First, our reversal of the initial dismissal with prejudice removes the finality element required of claim preclusion application. *See Romero*, 2016-NMCA-091, ¶ 15 (providing, inter alia, that "there must have been a final decision [on the merits] in the first suit"). Second, even assuming that the first dismissal with prejudice was proper, a dismissal for lack of standing is not an adjudication on the merits. *See id.* ¶ 16 (providing that "a dismissal based on lack of standing is not an adjudication on the merits"). As such, the district court lacked a basis to apply principles of res judicata to dismiss with prejudice Plaintiff's second complaint.

**CONCLUSION**

{13}    Based on the foregoing, we reverse the district court's orders of dismissal with prejudice and remand for proceedings consistent with this opinion.

{14}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

10

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**

11