This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41296**

**CATHY GUNTER (TRUSTEE), et al.,**

      Plaintiff/Counterdefendant-Appellant/
      Cross-Appellee,

v.

**KIM AUDETTE,**

      Defendant/Counterplaintiff-Appellee/
      Cross-Appellant,

**IN THE MATTER OF THE ESTATE OF
ROBERT V. AUDETTE, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Daniel E. Ramczyk, District Court Judge**

Cathy Gunter
Tijeras, NM

Pro Se Appellant/Cross-Appellee

Kim Audette
Truth or Consequences, NM

Pro Se Appellee/Cross-Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Appellant/Cross-Appellee, Cathy Gunter (Appellant), and Appellee/Cross-Appellant, Kim Audette (Cross-Appellant), appealed from the district court's order dismissing the case with prejudice. We issued a notice of proposed summary disposition proposing to affirm in both the appeal and the cross-appeal. Appellant has

timely filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect. Cross-Appellant has not filed a memorandum in opposition, and the time for doing so has expired. Accordingly, the issues raised in the cross-appeal are deemed abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

**{2}** Additionally, Cross-Appellant filed a motion with this Court on January 19, 2024, asking that we impose sanctions against Appellant. This motion is **DENIED**. We invite Cross-Appellant to review Rule 12-208(I) NMRA (stating that no response to the docketing statement is allowed).

**{3}** Appellant's memorandum in opposition raises issues related to the litigation that occurred before this case was dismissed with prejudice on November 10, 2022. Neither party appealed from the district court's order dismissing the case with prejudice, and the district court reopened this matter on February 24, 2023, for the limited purpose of considering Appellant's motion seeking enforcement of the parties' settlement agreement. [RP 2335] *See Hall v. Hall*, 1992-NMCA-097, ¶ 38, 114 N.M. 378, 838 P.2d 995 (stating that as a general rule, a court has jurisdiction after the judgment to enforce that judgment). As explained in our notice of proposed summary disposition, however, issues related to the litigation occurring before the parties entered into the settlement agreement and before the district court entered its order dismissing the case were not before the district court on the limited reopening of the case, and we do not consider them on appeal now. *See generally Alba v. Hayden*, 2010-NMCA-037, ¶ 7, 148 N.M. 465, 237 P.3d 767 ("The doctrine of law of the case . . . relates to litigation of the same issue recurring within the same suit. Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation." (internal quotation marks and citations omitted)); *Turner v. First N.M. Bank*, 2015-NMCA-068, ¶ 6, 352 P.3d 661 ("Claim preclusion bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits." (internal quotation marks and citations omitted)).

**{4}** For these reasons, and those set out in our notice of proposed summary disposition, we affirm the district court.

**{5}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**